IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Kelly Hansen,                                    Case No. 3:17 CV 1703

          Petitioner,                        MEMORANDUM OPINION
                                                       AND ORDER
-vs-
                                                       JUDGE JACK ZOUHARY
Warden John Coleman,

          Respondent.

**INTRODUCTION**

Petitioner *pro se* Scott Kelly Hansen, an inmate at the Toledo Correctional Institution (TCI), filed this action on August 14, 2017 seeking a writ of mandamus against TCI Warden John Coleman (Doc. 1). The Complaint alleges that Hansen is being held at TCI because the Ohio Adult Parole Authority (OAPA) denied his parole, and did so after he was released from federal prison. He alleges that the OAPA's decision to deny parole was based solely on federal offenses, which he argues they lack jurisdiction to consider because the offenses involved violations of federal (rather than state) law. On September 21, 2017, displeased with the pace at which this case was proceeding, Hansen filed a Motion for Leave to Appeal to the Sixth Circuit (Doc. 2).

**STANDARD OF REVIEW**

This Court may dismiss a civil action filed by a prisoner seeking relief from a governmental entity, or its employees, if it concludes that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; *see McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Onapolis v. Lamanna*, 70 F. Supp. 2d 809, 814 (N.D. Ohio 1999). This Court must read Hansen's *pro se* pleading liberally, accepting his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Haines v. Kerner*, 404 U.S. 519 (1972).

## DISCUSSION

Hansen challenges his continued incarceration by the State of Ohio. But instead of seeking a writ of habeas corpus, which he specifically states he does not seek (Doc. 1 at 2), he seeks a writ of mandamus under 28 U.S.C. § 1361. Section 1361, however, confers jurisdiction only to compel action by *federal* officials or employees. Federal courts have no authority to issue writs of mandamus directing state officials to conform their conduct to state law. *See Cochran v. Municipal Court of City of Barberton, Summit Cty.*, 91 F. App'x 365, 366 (6th Cir. 2003); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

To obtain relief under Section 1361, an individual must establish both that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Hansen has shown neither. Indeed, he cites no authority for the proposition that state parole boards may not consider federal crimes when deciding whether to grant or deny parole. More importantly, there is no federal employee who has a clear, nondiscretionary duty to act under these circumstances, and no federal employee is named as a defendant.

Further, a "[writ of] mandamus does not supersede other remedies," and it may not properly issue unless the petitioner has "no other adequate remedy available." *Wilson v. Robl*, 2007 WL 2746665, at *5 (W.D. Ky. 2007) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)); *see also Cochrane v. Municipal Ct. of City of Barberton, Summit Cty.*, 91 F. App'x 365, 366 (6th Cir. 2003) (district court properly dismissed civil rights claim for writ of mandamus seeking to compel state court to render decisions on post-conviction motions). Hansen's challenge to his state confinement can be brought in federal court, if at all, only as a petition for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Hansen cannot avoid the substantive requirements of a habeas petition by characterizing his requested relief as a writ of mandamus.

## CONCLUSION

The Petition (Doc. 1) is dismissed, and Hansen's Motion for Leave to Appeal (Doc. 2) is denied as moot. This Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 3, 2017